JOSEPH HALSTED CO. v. UNITED STATES FIRE ESCAPE COUNTER-
BALANCE CO.

(Circuit Court of Appeals, Seventh Circuit.   January 8, 1919.)

No. 2571.

PATENTS ⬅328—INFRINGEMENT—FIRE ESCAPE.
   The Cowles patent, No. 705,042, claims 1 and 2, for improved fire
   escape, *held* infringed by ladder which used the same means to effect one
   of the several purposes which it affected in the patented ladder; but
   claim 3 of the same patent *held* not infringed.

Appeal from the District Court of the United States for the East-
ern Division of the Northern District of Illinois.

Suit by the United States Fire Escape Counterbalance Company
against the Joseph Halsted Company for infringement of three claims
of a patent.   Decree for complainant (246 Fed. 947), and defendant
appeals.   Decree modified, so far as it adjudged infringement of claim
3, and, as modified, affirmed.

John W. Hill, of Chicago, Ill., for appellant.
Frank T. Brown, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge.   A statement of the character
and scope of this patent and a description of the infringing fire escape,
as well as a carefully prepared opinion by Judge Sanborn, appears in
246 Fed. 947.   In view of the description there appearing, it is unneces-
sary for us to deal with more than one question, that of infringement
by the Smyth fire escape.

Appellant's principal attack on the decree arises out of the defense
of noninfringement, so far as it relates to the ladder which it built on
the Smyth building.   Agreeing, as we do, with the conclusions of the
District Judge, we will briefly consider this phase of the case.   Much
of the difficulty in determining this question is due to the use, by ex-
pert witnesses and others, of the words "torsional" and "rigidity."   Ap-
pellant claims that its ladder has no torsional member, such as is re-
ferred to in claim No. 3.   In fact, it claims its ladder is rigid, and a
torsional member is required only in a flexible ladder.   In other words,
appellant claims that the Cowles patent does not cover a ladder that
is braced or stayed so as to be rigid.

It seems to us too much emphasis is placed upon the strict defini-
tion of words used by witnesses, as distinguished from the real mean-
ing of the witnesses who testified.   For example, rigidity in a ladder
is necessarily a relative term.   The longer the ladder, and the fewer
and less effective the braces, the greater the flexibility, the less the
rigidity.   The size and character of the material may also affect its
rigidity.   Likewise the "device for aiding in the support of the other
side thereof and mechanism co-operating with said last-mentioned sup-
porting device" may well be said to describe a "torsional member,"

as well as "means for twisting the rod," and this member would nevertheless add to the ladder's rigidity.

Appellant's "sleeve," which passes from the outside to the inner side of the ladder and constructed in the manner disclosed by the testimony, appears to us to be the mechanical equivalent of element 3 in claims 1 and 2, regardless of whether the witness calls it "a torsional member" or "an anti-torsional rod." It is worthy of notice that nowhere in the claim does patentee refer to this element as a "torsional rod." The only place where the word "torsional" appears is in claim 3, and there patentee speaks of a "rod subject to torsional strain." The Patent Office, speaking of the Seymour patent, which appellant claims it followed, and referring particularly to this sleeve says: "It is rather the rigidity of the sleeve which is its distinguishing character." Of course, the sleeve itself was rigid, and it imparted to the ladder added rigidity. Each step in the ladder contributed likewise to its rigidity.

But appellant trespassed on patentee's rights when it adopted the means that, incidentally perhaps, added rigidity to its ladder, but clearly, and as we think purposely, provided a supporting device for the other side of the ladder, just as was described by Cowles in his patent. Rigidity as such was obtainable in many ways. If it was rigidity alone that appellant sought, it was most unfortunate in adopting the means pre-empted by appellee. Results, other than rigidity, which the testimony indicated were extremely desirable, were accomplished by these means which Cowles covered by his patent, and appellant cannot well complain when adjudged a trespasser for using this one "means" or its equivalent, out of the dozens that were open to him.

The experiments made by plaintiff's expert witnesses with the Smyth structure prove only too conclusively that the "sleeve" which appellant used served the same object and was for the same purpose as the "means for supporting the other side thereof" described and defined in the Cowles patent.

By reason of the particular "means for supporting the other side thereof" described in the third claim of the patent, we conclude there is no infringement thereof disclosed by appellant's fire escape constructed on the Smyth building.

The decree is modified, so far as it adjudges appellant to have infringed claim 3 of the patent by the so-called Smyth structure, and, as modified, is affirmed, with costs.