**UNITED STATES FIRE ESCAPE COUNTERBALANCE CO. v. WISCONSIN IRON & WIRE WORKS.**

(Circuit Court of Appeals, Seventh Circuit. May 7, 1923.)

No. 3189.

1. **Patents** ☞328—705,042, for fire escape, held valid and infringed.

The Cowles patent, No. 705,042, for fire escape mechanism, *held* not anticipated and valid, and claims 1 and 3 infringed; claim 2 *held* not infringed.

2. **Patents** ☞289—Suit for infringement held not barred by laches.

Delay in bringing suit against an infringer *held* not laches, which barred the suit, where during the time of defendant's infringement other suits on the patent were pending, and the suit was commenced within 6 months after its validity was established.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit in equity by the United States Fire Escape Counterbalance Company against the Wisconsin Iron & Wire Works. Decree for defendant, and complainant appeals. Reversed.

Charles L. Byron, of Chicago, Ill., for appellant.

Arthur L. Morsell, of Milwaukee, Wis., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The patent to Cowles, No. 705,042, here under consideration, was sustained in a previous suit. (D. C.) 246 Fed. 947; 257 Fed. 95, 168 C. C. A. 307. We refer to the statement and discussion appearing in those opinions to avoid a restatement of facts at this time.

[1] It is urged that the District Court was justified in reaching a different conclusion on this trial because new citations of prior art appear. We are, however, unable to find anything in the present record which leads us to a different conclusion respecting the validity of claims 1, 2, and 3, nor do we think extended discussion of this newly discovered evidence necessary.

It is urged, however (and successfully in the District Court) that these references so narrowed the claims that infringement does not appear. With this contention we agree as to claim 2. In this claim, one element of the combination is "an adjustable counterbalance for holding up the free end of side moveable ladder applied at one side only thereof." The adjective "adjustable," modifying the word "counterbalance," cannot be ignored. Its significance is emphasized by its absence in the other two claims. Appellee's counterbalance is not adjustable and therefore this claim is not infringed.

Noninfringement of claims 1 and 3 is urged because, in view of the prior art, the patent must be narrowly construed, and so construed, appellee's structure does not possess "means for holding up the free end of said moveable step applied at one side thereof" as set forth in claim 1, or "means for supporting the other side thereof comprising a rod subject to tortional strain and arranged to extend longitudinally alongside of the counterweighted side of the step and inwardly to the opposite side near the bottom of the step" as appears in claim No. 3.

It is true that the prior art disclosed by this record shows fire escapes with means for sustaining the ladder, which means have the effect of supporting the weaker or unsustained side of the ladder. But none of the citations disclose what we might call the tortional rod as the means for this support. It is the use of this tortional rod in the combination of a ladder with a counterbalance located as described in the claims and specifications that sustain patentee's claim of invention. The "rod subject to tortional strain" introduced into the combination was novel. Its success, as evidenced by use and copy, cannot be successfully denied. Appellant, we think, is entitled to claim broadly this element in the combination, and must be given a corresponding range of equivalents in determining infringement.

Nor do we think infringement is avoided because patentee described this rod as extending "longitudinally alongside of the counterweighted side of the step." It is true patentee in his drawings placed this rod somewhat near to and outside the counterweighted side of the step, but any structure extending longitudinally within or outside the counterweighted side of the step infringes. The word "alongside" is of course somewhat relative. At most, the step is rather narrow and is sufficient only to permit of the escape of individual or individuals in case of fire. The drawings show the rod to be approximately 6 inches from the side of the ladder, the steps of which are about 30 inches long. In appellee's structure the rod extends longitudinally down the center of the ladder.

In view of the foregoing discussion, it is hardly necessary to separately consider the prior art as illustrated by the structure erected upon the Academy of Music in the city of Milwaukee some 10 years before this patent was issued. If we ignored the weakness inherent in the testimony of witnesses who described a structure long since changed or abandoned and concede to the testimony all that can be legitimately claimed for it, anticipation of none of the claims is established, nor can it fairly restrict the field of equivalency so far as the tortional rod is concerned.

Claims 1 and 3 are infringed.

[2] It is further urged that appellant's cause of action is barred by laches. (The patent having expired before the suit was tried, no relief by way of injunction can be granted.) We do not understand that the District Judge found in favor of appellee on this issue, nor could such a finding be sustained. Appellant was litigating this patent in the courts during the period covered by appellee's infringements. Not until the spring of 1919 was the patent upheld by this court. Within six months thereafter this suit was instituted. There is nothing to indicate appellant acquiesced in or consented to appellee's conduct, much less conducted itself so as to be now estopped to assert its right against appellee under this patent.

The decree is reversed, with directions to enter one sustaining claims 1 and 3, and for an accounting. Appellant recovers its costs on this appeal.